# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

**Case Number:** 2:22-cv-1222-RJC

**Case Name:** In re: U Lock Inc.

(U Lock v. Christine Biros, Shanni Snyder Appellant)

## INFORMAL BRIEF

**DIRECTIONS:** *Answer the following questions about your appeal or petition for review to the best of your ability. Use additional sheets of paper if necessary.* <u>*The total number of pages cannot exceed 30.*</u> *Parties are encouraged to use one side of the paper for ease of reading. You need not limit your brief solely to this form, but you should be certain that any brief you file contains answers to the questions below. The Court prefers short and direct statements.*

**1. Jurisdiction:** What order(s) of the bankruptcy court are you appealing?

Order dismissing adversary proceeding (lawsuit) at Entry 5 and Order denying motion for leave to intervene or join at Entry 4

What is the date of the order(s)?

August 10, 2022

When did you file your notice of appeal or petition for review?

August 23, 2022

**2. Statement of the case:** Explain the proceedings in the bankruptcy court (i.e. what the district court or the agency did in deciding your case).

On August 1, 2022, U Lock Inc. filed a Complaint pursuant to 11 USC 105(a) and 11 USC 362(k) against Christine Biros for automatic stay violations. See Entry 1. On August 4, 2022, Shanni Snyder ("Snyder") filed a motion for leave to intervene or join along with an Intervening Complaint. See Entry 3 and 3(1).

No motion to dismiss the Complaint or response to the motion for leave to intervene existed. Nevertheless, on August 9, 2022, without notice to the parties, the bankruptcy court raised issues with respect to the Complaint sua sponte.

On August 9, 2022, the bankruptcy court stated a that U Lock had no standing to bring the action and that the trustee must bring the action. The bankruptcy court entered a text Order on August 10, 2022, dismissing the action. See Entry 5. The bankruptcy court stated in its text Order that it denied without prejudice Snyder's intervention because it dismissed the underlying case. See Entry 4.

    Snyder filed a timely appeal to this Court.  Entry 6.  U Lock filed a cross appeal to this Court.  Entry 20.

**3. Statement of facts**: Explain the facts and events that led to the complaint in the bankruptcy court.

 In this case, after the bankruptcy case was filed and the Defendant Christine Biros received notification of the automatic stay, she continued court cases against U Lock and went so far as to ask the state court judge for "help" with the bankruptcy by issuing rulings. U Lock brought an adversary Complaint seeking damages and to declare the Orders from the state Court moot.  See Entry 1.  Snyder filed an Intervening Complaint as a creditor alleging the same stay violations caused her damage as well because it affected her rights, created a situation where she needed to appeal, and was even threatened by the state court judge during the automatic stay.  See Entry 3(1).

 Because this Court accepts as true all factual allegations in the complaint and view those facts in the light most favorable to the plaintiffs at this stage, Umland v. PLANCO Fin. Servs., Inc. , 542 F.3d 59, 64 (3d Cir. 2008), Snyder incorporates the facts at Entries 1 and 3(1) by reference.

**4. Statement of related cases:** Have you filed an appeal or petition for review in this case before? If so, give title of case and docket number.

Pending appeals: 22-cv-1485 (denial of conversion from Chapter 7 to 11); 22-cv-1227 (dismissal of lien priority action)

Do you have any cases related to this case pending in the district court, in the court of appeals or before the agency? If so give title of case and docket number.

1. Bankruptcy case 22-20823 (Bank.W.Pa.)(main U Lock bankruptcy)
2. Bankruptcy adversary subject of this appeal  22-2048 (Bank.W.Pa.)
3. Bankruptcy adversary re lien priority 22-2052 (Bank.W. Pa.)

.

**5.** Did the bankruptcy court or the agency incorrectly decide the facts of your case?what facts?  _____  If so,

n/a

4

6.  Did the bankruptcy court apply the wrong law (either cases or statutes)?     Yes.
    If so, what law do you want applied?

    A. IF THE BANKRUPTCY COURT WAS CORRECT THAT U LOCK COULD NOT BRING THE ADVERSARY COMPLAINT, IT SHOULD HAVE SUBSTITUTED INTERVENOR SHANNI SNYDER, NOT DENIED HER INTERVENTION

    Assuming this Court affirms the Bankruptcy Court's finding that U Lock does not have standing to bring an automatic stay violation action against Ms. Biros, it was still error for the Court to dismiss the action because of Snyder's intervenor Complaint alleging similar violations.

    Specifically, 11 USC 362(k) provides that "an individual injured by any willful violation of a stay … shall recover actual damages …".  It does not limit the cause of action to the debtor or the trustee.  A creditor has standing to pursue automatic stay violations.  See St. Paul Fire & Marine Ins. Co. v. Labuzan, 579 F.3d 533 (5th Cir. 2009)(creditors have standing to bring 11 USC 362(k) action).

    Since Snyder maintained creditor standing, moved to intervene, and provided the an Intervenor's Complaint-- even if U Lock had no standing-- the bankruptcy court should have allowed the matter to proceed and simply substituted Snyder as the primary Plaintiff.

    In IN RE HEALTHCARE REAL ESTATE PARTNERS, LLC, 941 F.3d 64, 71 (3d Cir. 2019) the United States Court of Appeals held that, "as a rule, federal courts must hear matters within their jurisdiction. Sprint Commc'ns v. Jacobs, 571 U.S. 69, 77, 134 S.Ct. 584, 590-91, 187 L.Ed.2d 505 (2013). That rule applies to bankruptcy courts. Congress authorized bankruptcy courts to exercise jurisdiction based on referral from the district court. See 28 U.S.C. § 157(a). 'When a case is referred under § 157(a), Congress surely intends that all jurisdiction otherwise vested in the district courts be exercised by the bankruptcy judges,' unless § 157 expressly provides otherwise. William L. Norton III, 1 Norton Bankr. L. & Prac. § 4:36 (3d ed. 2019); cf. Stern v. Marshall, 564 U.S. 462, 480, 131 S.Ct. 2594, 2607, 180 L.Ed.2d 475 (2011) ('Section 157 allocates the authority to enter final judgment between the bankruptcy court and the district court. That allocation does not implicate questions of subject matter jurisdiction.' (citation omitted)). Hence, '[w]here a bankruptcy court has jurisdiction but is not in a position to avail itself of statutory or nonstatutory abstention, it must exercise its jurisdiction,' In re Johnson, 346 B.R. 190, 194 (9th Cir. BAP 2006), assuming, of course, that the bankruptcy's authority to adjudicate the matter is constitutional under Stern.

    Forcing Snyder to file yet another action to preserve her rights, instead of simply making her the primary plaintiff and hearing the Intervenor's Complaint, will create additional litigation and unnecessary separate dockets.

**7.** Are there any other reasons why the bankruptcy court's judgment or the agency's decision was wrong?
   If so, briefly state these reasons.

**8.** What action do you want this Court to take in this case?

   If this Court affirms the U Lock appeal for lack of standing, this Court should vacate the dismissal and direct the bankruptcy court to proceed with Snyder as the Plaintiff.

   If this Court reverses the U Lock appeal and finds the corporate debtor did have standing, this Court should vacate the dismissal of Snyder's Intervention petition and Intervenor Complaint and remand with instructions to grant the intervention and allow the Intervenor Complaint to proceed.

/s/ Shanni Snyder
Signature

**The entire district court record is available for the court's review. You must attach copies of the district court docket entries, the opinion and order appealed, and the notice of appeal. You may, but are not required to, attach any documents filed in the district court that you think the court of appeals must see in order to decide your appeal. Documents not admitted in the district court may not be submitted to the court of appeals without permission of the court.**

**IMPORTANT: IF YOU ARE PROCEEDING PROCEEDING IN FORMA PAUPERIS, YOU MUST FILE AN ORIGINAL AND THREE (3) COPIES OF THIS BRIEF AND ANY ATTACHMENTS WITH THE CLERK. IF YOU HAVE PAID THE DOCKETING FEE, YOU MUST FILE AN ORIGINAL AND SIX (6) COPIES OF THIS BRIEF AND ANY ATTACHMENTS WITH THE CLERK. A COPY OF THIS BRIEF AND ANY ATTACHMENTS MUST ALSO BE SENT TO ALL OPPOSING PARTIES. YOU MUST CERTIFY ON THE ATTACHED PROOF OF SERVICE THAT A COPY OF THIS BRIEF AND ANY ATTACHMENTS WERE SENT TO ALL OPPOSING PARTIES.**

# PROOF OF SERVICE

I certify that on  12/7/2022  (date) I mailed a copy of this brief and all attachments via first class mail to the following parties **at the addresses listed below**:

Robert Slone, Esq. (trustee for U Lock) 223 S Maple Ave Greensburg, PA 15601- 3232 and via email

Christine Biros (will receive notice via email)

U Lock Inc.  c/o J. Allen Roth 805 S Alexandria Street, Latrobe PA  15650 and via email


/s/ Shanni Snyder

*Rev. 06/2018*